Dear Mr. D'Aquilla:
You ask this office to advise if you may hire as an assistant district attorney (you advise he is to be designated "special assistant") an individual who is currently employed by the Eastern Louisiana Mental Health System as Community Services Forensic Director.
The Dual Officeholding and Dual Employment Laws, R.S. 42:61, etseq., set forth certain prohibitions concerning the holding of certain public offices and employments. For this reason, a dual-officeholding analysis first requires us to define the positions which an individual contemplates holding.
An assistant district attorney holds "appointive office" as defined by R.S. 42:62(2)[1]; see also Article V, § 26(A) of the Louisiana Constitution (1974) stating that "a district attorney may select assistants as authorized by law." R.S. 16:51(A) states that "the district attorney of each judicial district and the parish of Orleans shall appoint a first assistant district attorney and such other assistant district attorneys for his respective judicial district or the parish of Orleans as may be necessary." Further, LSA-R.S. 16:51(B) provides that "assistant district attorneys serve at the pleasure of and may be removed at the discretion of the district attorney."
The Eastern Louisiana Mental Health System comprises the facilities previously known as the East Louisiana State Hospital, the Feliciana Forensic Facility, and the Greenwell Springs Hospital. See R.S.28:21(D)(2)(b). The system falls within the jurisdiction of the Department of Health and Hospitals. See R.S. 28:1, et seq., entitled "Mental Health Law". Thus, the position of forensic director *Page 2 
constitutes state employment. For purposes of dual employment laws, the position constitutes employment in the executive branch of state government. See R.S. 42:62(6).[2]
There are two potential violations of the dual officeholding provisions presented by the facts in review. First, the law prohibits the holding of two full-time appointive offices and/or employments, as 42:63(E) states:
 E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
R.S. 42:62(4) and (5) define "full-time" and "part-time" as follows:
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this section as full time.
Assuming one of the positions will be held on a part time basis, the prohibition of R.S. 42:63(E) is inapplicable.
Second, R.S. 42:63(B) states:
 (B) Except as otherwise provided by the Louisiana Constitution, no person holding office or employment in one branch of the state *Page 3 
government shall at the same time hold another office or employment in any other branch of the state government.
For purposes of dual officeholding, it is significant that the office of the district attorney is not included within the judicial branch of state government as defined by R.S. 42:62(8), providing:
 (8) The judicial branch of state government includes all judges, employees, and agents of the supreme court, the judicial administrator, courts of appeal, district courts, including the civil and criminal districts courts of Orleans Parish, parish courts, city courts, juvenile and family courts, and any other judicial offices and instrumentalities of the state, but does not include judges or employees of courts not enumerated in this paragraph.
Rather, the office of the district attorney is considered a "political subdivision" for purposes of the dual officeholding laws, as per R.S.42:62(9), providing:
 (9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrar of voters, and all other elected parochial officials shall be separate political subdivisions. (Emphasis added).
The exclusion of the district attorney from the definition of "judicial branch" makes the prohibition of R.S. 42:63(B) inapplicable to the instant matter.
Assuming R.S. 42:63(E) discussed herein is inapplicable, and assuming there are no civil service prohibitions of which we are unaware, we conclude both positions may be held concurrently.
 Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:__________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] R.S. 42:62(2) states:
"Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
[2] R.S. 42:62(6) states:
(6) The executive branch of state government includes the following named officers and all other officers, agents, employees, or other persons holding or exercising an employment with them, namely, the governor; lieutenant governor; secretary of state; attorney general; treasurer; commissioner of agriculture; commissioner of insurance; superintendent of education; members of the State Civil Service Commission, the Public Service Commission, the Board of Regents, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, the Board of Supervisors of Southern University and Agricultural and Mechanical College, the State Board of Elementary and Secondary Education, the Board of Trustees for State Colleges and Universities, and the State Bond Commission. The executive branch shall also include the officers, members, agents, and employees of any department, office, agency, instrumentality, board, commission, or other entity created by the constitution or by law whose functions are not primarily legislative, judicial, or local in nature or operation.